THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS CAMACHO CRUZ, Defendant and Appellant.

No. 11654.  Argued December 13, 1946.—Decided January 28, 1947.

*Adolfo García Veve* and *Faustino R. Aponte* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Appellant was charged with murder in the second degree committed on the person of Fabián de Jesús. The jury found him guilty of voluntary manslaughter, whereupon he was sentenced to serve six years' imprisonment. The only error assigned in support of this appeal is that he was not permitted to present evidence of a certain extrajudicial confession made by Francisco de Jesús, brother of the deceased, to the effect that he, and not appellant, had caused the death.

The evidence of The People is to the effect that on March 30, 1941, the defendant, accompanied by Juan Alvira Cruz, passed by the house where Primitivo de Jesús lived, in the ward of Chupacallos within the Municipality of Ceiba, and asked Primitivo to come out and have a talk with him. Defendant and Primitivo de Jesús had a brief altercation and they came to blows. In the midst of the fight the deceased, a brother of Primitivo de Jesús, arrived and reprimanded them because being neighbors and friends they ought not to quarrel. At this time defendant pulled out a dagger and without any provocation on the part of Fabián de Jesús, stabbed him on the breast, severing the aorta, and causing his death almost instantaneously. Upon receiving the wound the deceased fell to the ground, and was aided by his mother who laid him on her lap. At that very moment Francisco de Jesús, another brother of the deceased, ran from the house where the De Jesús family lived, and assaulted the defendant with a *machete*. The latter evaded the stroke, and the wound was then inflicted on the abdomen of Fabián de Jesús, who had already died. Francisco de Jesús immediately went to Fajardo and reported the occurrence to police headquarters and, for reasons which do not appear from the record, was arrested and confined in jail for five or seven days as the alleged co-author of the crime. Defendant was also arrested. After a few days Francisco de Jesús was discharged and the information was filed solely against the appellant.

The evidence for the prosecution is strong in the sense that the defendant inflicted the wound which severed the aorta and that when Francisco de Jesús accidentaly wounded his brother, the latter was already dead by reason of the stab which defendant had inflicted. The fact that Francisco de Jesús inflicted the wound after Fabián de Jesús had died was corroborated by the physician who performed the autopsy. Upon the latter referring to the wound which severed the aorta, he stated that there was coagulated blood on its borders, and that within the wound there was fluid blood. As to the wound in the abdomen, he testified that there was no blood in it because the wound on the breast had drawn out the flood of blood into the cavity of the thorax, thereby showing that when this wound was inflicted Fabián de Jesús had already died.

All the evidence for the prosecution was direct. The district attorney called four witnesses who were present at the occurrence since it began until it came to an end. Only Juan Montañez Cruz, the prosecuting attorney's witness and defendant's cousin, testified that he had not seen the moment when Fabián de Jesús received the wound on the breast.

The defense called Valeriano Flores to the witness stand who testified that on the night of the occurrence he had seen Francisco de Jesús carrying a *machete* stained with blood; that the latter was arrested by the police and taken from Fajardo to Police Headquarters in Ceiba. The defense asked this witness certain questions tending to establish a confession from Francisco de Jesús in the sense that he had killed his brother. But the objection to those questions being sustained, the defense asked the court to withdraw the jury in order to establish in the record what they intend to prove with the testimony of Valeriano Flores and of another witness called Manuel Casillas. The jury withdrew and the defense stated in the record that through witness Valeriano Flores they intended to prove the following: That Francisco

de Jesús was taken to headquarters and in the presence of the witness himself, of the Chief of Police, and of other persons, he confessed having killed his brother Fabián de Jesús with the *machete*. The defense further stated that through witness Manuel Casillas they intended to prove that on March 31, 1943, Casillas went to the municipal jail where Francisco de Jesús was confined, and that the latter told him that he had killed his brother Fabián, and had further asked him if they had buried his brother using the following language: "Have they buried that cad?"

As we have already said, the fact that it was the defendant who killed Fabián de Jesús was testified by several eyewitnesses. The defense sought to rely solely on the alleged confession of Francisco de Jesús and presented no evidence whatsoever to contradict the testimony of the witnesses for the prosecution.

In *People* v. *Marchand Paz,* 53 P.R.R. 641, this court, following *Donnelly* v. *U. S.,* 228 U. S. 243 (1913), held that in a criminal trial evidence of an admission or a confession of a third party to the effect that he committed the crime is not admissible as substantive evidence tending to exonerate the defendant. This is the prevailing rule in the Supreme Court of the United States and in a large number of state jurisdictions as well as in England. 162 A.L.R. 450; 48 A.L.R. 348; and 35 A.L.R. 441.

We have no reason whatsoever for departing from this old rule. But in the event that we should feel inclined to do so, the facts of the present case do not warrant it, considering the absence of a motive for the crime on the part of Francisco de Jesús to kill his brother and the direct evidence presented by The People proving, to the satisfaction of the jury, that the death was caused by the defendant.

The judgment is affirmed.